Affirmed and Memorandum Opinion filed December 21, 2004









Affirmed
and Memorandum Opinion filed December 21, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01261-CR

_______________

 

LARRY DEWAYNE MONROE, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_______________________________________________________

 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 953,333

_______________________________________________________

 

M E M O R A N D
U M   O P I N I O N

A jury found appellant guilty of aggravated robbery and
sentenced him to thirty-five years= confinement.  In three issues, appellant contends (1) the
evidence was legally and factually insufficient to support his conviction, and
(2) the trial court erred in allowing the State to impeach appellant with
extraneous offenses.  Because all
dispositive issues are clearly settled in law, we issue this memorandum opinion
and affirm.  See Tex. R. App. P. 47.4.








Background

On June 22, 2003, Amber Trevino, the complainant, finished
her shift at the bar where she worked and drove to her boyfriend=s house.  When she arrived, she parked her car on the
street and began to approach the house. 
A man, later identified as Willie Clay, approached Trevino from behind
and struck her with a club.  Trevino
testified that as Clay continued to beat her with the club, appellant and his
co-defendant, Chad Ivey, ran up to her and began hitting and kicking her in the
head and body.  Trevino testified that
appellant and Ivey then took her purse and bag. 
Appellant and the other two men took Trevino=s car keys out of her purse and drove
off in her car.  

A few days later, appellant was driving Trevino=s car while Clay and Ivey were
passengers.  When a Houston police
officer observed that appellant was driving the car the wrong way on a one-way
street, the officer attempted to stop the vehicle.  Appellant accelerated and ran several stop
signs before he ultimately lost control of the car and hit a telephone
pole.  After hitting the pole, appellant,
Ivey, and Clay jumped out of the car and ran in different directions.  The police gave chase, and all three men were
apprehended. 

Legal
Sufficiency

In his first issue, appellant contends the evidence is
legally insufficient to support his conviction of aggravated robbery.  In reviewing legal sufficiency of evidence,
we examine all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307,
319 (1979); Simmons v. State, 109 S.W.3d 469, 472 (Tex. Crim. App.
2003).  In conducting our review of the
legal sufficiency of the evidence, we do not reevaluate the weight and
credibility of the evidence, but only ensure that the jury reached a rational
decision.  Muniz v. State, 851
S.W.2d 238, 246 (Tex. Crim. App. 1993).








Appellant was charged with the offense of aggravated
robbery.  A person commits robbery if, in
the course of committing theft,[1]
he (1) intentionally, knowingly, or recklessly causes bodily injury to another,
or (2) intentionally or knowingly threatens or places another in fear of
imminent bodily injury or death.  Tex. Pen. Code Ann. ' 29.02(a)(1)B(2) (Vernon 2003).  A person commits aggravated robbery if he
commits robbery and uses or exhibits a deadly weapon.  Id. ' 29.03(a)(2) (Vernon 2003).  A deadly weapon is anything that in the
manner of its use or intended use is capable of causing serious bodily injury
or death.  See id. ' 1.07(a)(17)(B) (Vernon Supp. 2004B05). 


The trial court=s charge authorized the jury to
convict appellant of aggravated robbery as a principal or a party.  To convict appellant as a principal, the
State was required to prove that appellant actually used or exhibited a deadly
weapon in the course of committing the robbery. 
However, the evidence clearly established that only Clay used the club,
a deadly weapon, during the robbery.[2]  Therefore, the jury must have concluded that
appellant was guilty as a party to the robbery. 
Under the law of parties, a person is criminally responsible as a party
to an offense if it is committed Aby his own conduct, by the conduct of
another for which he is criminally responsible, or by both.@ 
Id. ' 7.01(a)(2) (Vernon 2003). 
A person is criminally responsible for an offense committed by the
conduct of another if, acting with intent to promote or assist the commission
of the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense.  Id.
' 7.02(a)(2) (Vernon 2003).  Whether the accused participated as a party
to an offense may be determined by examining the events occurring before,
during, and after the commission of the offense and by examining the actions of
the accused that show an understanding and common design to commit the
offense.  King v. State, 29 S.W.3d
556, 564 (Tex. Crim. App. 2000). 








Appellant contends that the evidence is legally insufficient
to sustain his conviction under the law of parties because he did not act with
the intent to assist, promote or otherwise encourage the commission of the
offense.   However, the State=s evidence consisted of Amber Trevino=s unequivocal testimony that
appellant directly participated in the robbery. 
Trevino testified that appellant and Ivey hit and kicked her as Clay
beat her with the club.  She further
testified that appellant and Ivey pulled on her bags until the straps broke and
then ran away with her bag and purse. 
Trevino=s testimony is legally sufficient to
show appellant was at the scene of the robbery and acted with the intent to
assist in the commission of the robbery. 

Even without Trevino=s testimony, the evidence is
sufficient for a rational jury to conclude appellant had the intent to promote
or assist in the robbery.  The jury can
rely on circumstantial evidence and infer intent from appellant=s words, acts or conduct.  See Ransom v. State, 920 S.W.2d 288,
302 (Tex. Crim. App. 1994).  If there is
no direct evidence of intent, the jury can use collective common sense and
apply common knowledge and experience gained in ordinary affairs to draw
reasonable inferences from the evidence as to appellant=s guilt.  Rodriquez v. State, 90 S.W.3d 340, 355
(Tex. App.CEl Paso 2001, pet. ref=d). 
The trial testimony established the following facts: (1) the three men
roamed the streets for several hours before the robbery, looking for someone to
rob; (2) while roaming the streets, appellant found the club used in the
robbery and handed it to Clay; (3) following the robbery, appellant fled the
scene in Trevino=s car and participated in looking through the contents of
Trevino=s purse; (4) the three men drove
Trevino=s car to the state of Alabama; and
(5) appellant spent money taken from Trevino=s purse to buy marijuana.  Appellant=s actions are sufficient to allow the
jury to reasonably infer that appellant participated with the intent to promote
or assist in committing the offense.








Despite the State=s evidence, appellant relies on his
own testimony and his co-defendant, Chad Ivey=s, testimony to argue he did not act
with the intent to assist, promote, or otherwise encourage the commission of
the offense.  Both men admitted that they
agreed to commit a robbery, but claimed they changed their minds shortly before
the robbery took place.  Both men
admitted to being at the scene, but denied participating in the assault or the
robbery.  Although appellant and Ivey
denied participating in the crime, they offered no corroborating evidence.  Their testimony standing alone does not render
the State=s evidence insufficient.  See Matchett v. State, 941 S.W.2d 922,
936 (Tex. Crim. App. 1996) (holding evidence is not rendered insufficient when
conflicting evidence is introduced). 
Further, when faced with conflicting evidence, we presume the trier of
fact has resolved conflicts in favor of the prevailing party.  Herrero v. State, 124 S.W.3d 827, 832
(Tex. App.CHouston [14th Dist.] 2003, no pet.).

Viewing  the evidence
in the light most favorable to the jury=s verdict, and considering all of the
incriminating circumstances, we hold that a rational trier-of-fact could have
found beyond a reasonable doubt that appellant was guilty of aggravated
robbery, acting as a party.  We overrule
appellant=s first issue. 

Factual
Sufficiency

In his second issue, appellant contends the evidence is
factually insufficient to support his conviction.  In reviewing the factual sufficiency of the
evidence, we are to view all of the evidence in a neutral light and will set
aside the verdict only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met.  Escamilla v. State, 143 S.W.3d 814, 817
(Tex. Crim. App. 2004).  When reviewing
the evidence, we must give appropriate deference to the to the jury=s findings in order to prevent
intruding on the fact finder=s role as the sole judge of the weight and credibility of the
evidence.  Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000).  In
our review, we must consider the most important evidence that the appellant
claims undermines the jury=s verdict.  Sims v.
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).








To support his factual insufficiency argument, appellant
attacks the reliability of Trevino=s testimony.  Appellant contends that while Trevino was
positive that appellant kicked and hit her, Trevino was not in a position to
make the type of precise observations to which she testified.  Specifically, appellant claims that it is
more reasonable that Trevino made every effort to protect herself from the
blows inflicted by Clay, and thus was not able to distinguish whether she was
being hit with the club or being hit and kicked by appellant.  We find appellant=s argument unpersuasive.  Although Trevino was severely beaten with the
club, the jury could have reasonably concluded that she was still in a position
to determine that appellant directly participated in the robbery.  Because the jury could have reasonably
believed Trevino=s testimony was accurate, we must defer to its judgment.  See Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).

Appellant further contends that Athe record in its entirety reveals a
great deal of contrary proof@ that undermines the verdict. 
However, the only contrary evidence is 
appellant=s own testimony and that of his co-defendant, Chad Ivey.
While their testimony clearly conflicts with that offered by Trevino, questions
concerning the credibility of witnesses and the weight given to their testimony
are to be resolved by the trier-of-fact. 
Cain, 958 S.W.2d at 408B09. 
The jury was in a position to evaluate the credibility of these
witnesses, and we must defer to that evaluation unless the record clearly
reveals a different result.  See
Johnson, 23 S.W.3d at 8.  We find
nothing in the record to indicate any reason to disregard the jury=s assessment of the credibility of
the witnesses or the weight to be given their testimony. 

Viewing all the evidence neutrally, the State=s evidence is neither so weak nor so
greatly outweighed by contrary proof as to undermine the
beyond-the-reasonable-doubt standard. 
Accordingly, we hold the evidence is factually sufficient to support
appellant=s conviction for aggravated robbery
as a party.  We overrule appellant=s second issue.

Extraneous
Offenses

In his third issue, appellant contends that the trial court
erred in allowing the State to impeach appellant with extraneous offenses
because (1) the offenses did not result in a conviction as required by Texas
Rule of Evidence 608(b), and (2) the State did not give him notice as required
by Texas Rule of Evidence 609(f).  However,
appellant has failed to preserve this issue for our review.  To preserve error for appellate review, a
party must make a timely, specific objection at the earliest possible
opportunity and obtain a ruling.  See Tex. R. App. P. 33.1; Goldberg v.
State, 95 S.W.3d 345, 368 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).

At trial, appellant testified on his own behalf.  During cross examination, the State elicited
testimony about previous, un-adjudicated burglaries committed by
appellant.  After five questions
regarding the burglaries were asked and answered, appellant finally objected on
the ground of Aimproper impeachment.@ 
This objection was not made at the earliest possible opportunity.  Therefore, the objection was untimely and did
not preserve the issue for our review.  See
Tex. R. App. P. 33.1.  We overrule appellant=s third issue.

Accordingly,
the judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed December 21, 2004.

Panel consists of
Chief Justice Hedges and Justices Fowler and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  A person
commits the offense of theft if he unlawfully appropriates property with the
intent to deprive the owner of the property. 
Tex. Pen. Code Ann. ' 31.03(a) (Vernon Supp. 2004B05).    





[2]  Houston police
officer John Clinton testified that based on his experience as a robbery
detective, a club could be used as a deadly weapon.